Terry L. WITHERSPOON, Plaintiff,

v.

ROADWAY EXPRESS, INC., Defendant.

Civ. A. No. 90–2326–L.

United States District Court,
D. Kansas.

Jan. 30, 1992.

Julie A.N. Sample, Payne & Jones, Chtd., Overland Park, Kan., for plaintiff.

Terri L. Bezek, Daniel B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is before the Court on two motions filed by defendant. These motions are: (1) Defendant Roadway Express, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment, dated August 28, 1991 (Doc. 21); (2) Defendant Roadway Express, Inc.'s Motion to Dismiss Action With Prejudice, dated December 4, 1991 (Doc. 39). Additionally, defendant has filed Defendant's Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment, dated January 21, 1992 (Doc. 51), which renews its motion to dismiss or, in the alternative, for summary judgment and directs the same to plaintiff's second amended petition filed on January 7, 1992. Plaintiff has responded and opposes all motions filed by defendant. For the reasons

set forth below, defendant's motions are granted in part and denied in part.

## BACKGROUND

Plaintiff was employed by defendant as a dock supervisor. Plaintiff filed a discrimination charge with the Kansas Commission on Civil Rights on September 9, 1988. In that complaint, plaintiff alleged that he had been passed over for promotions because of his race and in retaliation for voicing opposition to acts and practices committed by defendant that were in violation of the Kansas Act Against Discrimination ("KAAD"). Plaintiff's complaint made no reference to wrongful termination.

Plaintiff filed a discrimination charge with the EEOC on August 1, 1988. This complaint also alleged that plaintiff was passed over for promotions because of race. The EEOC complaint also failed to allege wrongful termination.

Plaintiff filed his original complaint in this Court on July 27, 1990. He also filed an Application to Proceed In Forma Pauperis. Because plaintiff failed to sign his application, this Court denied his Application to Proceed In Forma Pauperis. Plaintiff thereafter refiled with the correct signatures on September 14, 1990 and an order was entered allowing plaintiff to proceed in forma pauperis.

Plaintiff also filed an application for employment of counsel on September 14, 1990 which was granted. On February 11, 1991 appointed counsel for plaintiff filed a motion for an order acknowledging the timely filing of plaintiff's complaint and requesting additional time to serve the complaint. An order was entered by the Court which acknowledged the timely filing of the complaint and granted plaintiff an additional forty-five (45) days to serve defendant. On March 20, 1991 plaintiff's counsel asked for an additional extension of four (4) months to serve defendant in order to properly investigate the facts of the case. The extension was granted. On July 9, 1991 plaintiff's counsel asked for and received yet another four (4) month extension (to November 1, 1991) to serve summons and complaint. Finally, on July 31, 1991 plaintiff filed his First Amended Petition. Defendant was served with the summons and petition on August 2, 1991.

The First Amended Petition contained four counts. Count I was a race discrimination claim under Title VII. Count II was a claim for wrongful discrimination and discharge in violation of K.S.A. 44–1001 et seq., the Kansas Act Against Discrimination. Count III was a claim for breach of an implied employment contract. Count IV was a claim under 42 U.S.C. § 1981. On January 7, 1992 an order was entered by this Court which allowed plaintiff to file a Second Amended Petition. The Second Amended Petition differs from the First Amended Petition only in that the date of plaintiff's alleged wrongful termination was changed to February 6, 1989.

## DISCUSSION

I. *Defendant's Motion to Dismiss Action with Prejudice dated December 4, 1991.*

In defendant's motion to dismiss with prejudice and at the hearing on this motion held in this Court on January 23, 1992, evidence was produced that plaintiff made several material false statements on his Application to Proceed In Forma Pauperis. Specifically, in the first question on the application, plaintiff stated that he was not presently employed. This answer was given on both the July 27, 1990 and September 14, 1990 applications. Based upon information obtained from plaintiff during discovery, it is apparent that plaintiff became employed by the Liberal, Kansas School District, U.S.D. # 480, as early as August 1989. Plaintiff's yearly salary during this period was $25,400.00. Additionally, plaintiff failed to list significant income received during the proceeding twelve months, including $5,460.00 in unemployment compensation.

Plaintiff admits that he did not disclose his position with the Liberal School District when he completed his Application to Proceed In Forma Pauperis and also admits that he failed to disclose his unemployment benefits. Plaintiff claims that it was not his intent to mislead the Court in any way. Plaintiff states that it was his understanding that the Court would inquire into his financial means at the time of the appli-

cation to determine whether or not he qualified as indigent. Plaintiff says he thought that the Court was more interested in his financial status as of the date of the application than it was in his financial status during the previous twelve (12) months.

This Court finds that the false statements appearing on plaintiff's Application to Proceed In Forma Pauperis were both material and knowingly made by the plaintiff. The purpose of the application is to obtain information from a plaintiff to enable the Court to make a determination as to whether the plaintiff qualifies due to financial status to proceed in an action without bearing certain usual costs of litigation. It is imperative to this process that plaintiffs give complete and truthful answers to the questions contained in the application. In this instance, plaintiff totally failed to disclose that he had been employed for nearly a year and a half at a salary of approximately $25,000.00. Plaintiff also failed to disclose unemployment benefits he had received within the preceding twelve months in an amount of $5,460.00. Both of these factors are extremely material to a decision as to whether a plaintiff should be allowed to proceed in forma pauperis. It is inconceivable that the plaintiff, who is a high school graduate with at least some college according to the record, did not understand or was confused by the questions on the application. Whether the plaintiff deliberately lied on the application in an attempt to mislead the Court or was simply careless in filling out the application as he claims, such behavior cannot be condoned by this Court.

 In proceedings brought in forma pauperis, a district court has the discretion to dismiss the case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty. *Dawson v. Lennon,* 797 F.2d 934 (11th Cir.1986); *Harris v. Cuyler,* 664 F.2d 388 (3d Cir.1981). However, this Court is hesitant to impose the most extreme sanction possible, that of dismissal with prejudice, in this case. Although the plaintiff's answers on his Application to Proceed In Forma Pauperis were outrageous and patently false, this Court finds

that plaintiff has obtained no advantage in this case due to his falsified answers other than the fact that he did not have to pay the required court costs for bringing the action. While in no way condoning the actions of plaintiff, this Court notes that the plaintiff's claim is based on both federal and state civil rights violations. These are important issues not only to the plaintiff, but to society.

It is this Court's ruling that, due to the material misstatements on plaintiff's Application to Proceed In Forma Pauperis, plaintiff's in forma pauperis designation is revoked. Plaintiff is ordered to pay the $120.00 filing fee which was waived in this action due to plaintiff's in forma pauperis status to the Clerk of this Court on or before February 28, 1992. In the event plaintiff fails to pay the $120.00 filing fee on or before that date, then this action will be dismissed with prejudice.

 In addition, this Court finds that plaintiff is guilty of a violation of Rule 11 of the Federal Rules of Civil Procedure due to plaintiff's filing of a paper with the Court that plaintiff knew was not well grounded in fact. An appropriate sanction in cases of a Rule 11 violation is for the violator to pay the other party the amount of reasonable expenses incurred due to the filing of the paper, including reasonable attorney's fees. Therefore, it is the further ruling of this Court that plaintiff should pay a reasonable amount of the costs incurred by defendant in filing its December motion to dismiss with prejudice. Defendant is ordered to furnish the Court with a breakdown of costs incurred in bringing the motion to dismiss with prejudice within 10 days. Once the Court has received the breakdown, the Court will issue its order directing the defendant to pay a reasonable amount of these costs.

II. *Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment dated August 28, 1991.*

Plaintiff's First Amended Petition, which was on file at the time defendant brought this motion, contained four counts. Defendant contends that on the face of plaintiff's

First Amended Petition, counts I through IV, in whole or in part, fail to state a claim for which relief may be granted as a matter of law. In the alternative, defendant requests that the Court grant summary judgment in favor of the defendant on all or part of plaintiff's claims. Subsequent to the filing of defendant's motion, plaintiff filed its Second Amended Petition on January 7, 1992. Defendant subsequently filed its renewed motion directed at the plaintiff's Second Amended Petition on January 21, 1992. Therefore, this Court will analyze defendant's arguments and objections to each of the four counts as presented in the plaintiff's Second Amended Petition.

### A. *Count I—Title VII Discrimination Claim.*

Count I alleges Title VII claims for discriminatory promotion practices and discriminatory termination of the plaintiff. The parties agreed at the hearing on this motion that the claim was timely filed for statute of limitations purposes and also agreed that Title VII does not provide for compensatory damages. Therefore, plaintiff's request for compensatory damages relating to the Title VII claim will be dismissed. The parties also agreed that plaintiff's discriminatory promotion claim was properly brought before this court. The only issue remaining for determination as to plaintiff's Title VII claim is whether the discriminatory termination claim should be barred.

Defendant claims that plaintiff failed to exhaust his administrative remedies under Title VII in connection with his discriminatory termination claim. Defendant argues that since plaintiff never brought his discriminatory termination claim in front of the EEOC, plaintiff's discriminatory termination claim should be dismissed in this action.

Title VII establishes a detailed administrative process which a complaining employee must complete prior to bringing a civil action in federal court. These provisions require a complaining employee to first file a timely complaint with the EEOC, and any state agency which has jurisdiction over such complaints, setting forth the facts surrounding the claim and the nature of the discrimination being complained of— i.e., race, sex, national origin, etc. 42 U.S.C. § 2000e–5(b), (c), (e). Once the charge of discrimination is filed, the EEOC and/or appropriate state agency must be given an opportunity to investigate the charges. 42 U.S.C. § 2000e–5(b), (c). The employee may only bring a civil action in federal court after he or she receives notice of his right to sue from the EEOC. 42 U.S.C. § 2000e–5(f)(1).

In this action, plaintiff timely filed a complaint with the EEOC regarding alleged discriminatory promotion practices. This discriminatory promotion claim was duly investigated by the EEOC, resulting in the issuance of a right to sue letter pursuant to which plaintiff brought this action. Subsequent to the filing of the original EEOC complaint, and while the EEOC investigation regarding the alleged discriminatory promotion practices was being conducted, plaintiff was terminated from his position with defendant. Plaintiff failed to file a subsequent complaint with the EEOC regarding this alleged discriminatory termination.

Defendant relies on a line of cases which holds that an employee who fails to identify all the alleged discriminatory actions in his or her charge of discrimination with the EEOC is precluded from bringing an action under Title VII on claims not identified in the charge. In reviewing the cases cited by defendant, this Court notes that a large majority of the cases involve situations where a plaintiff tried to add a claim in his or her federal court action that occurred prior to the discriminatory act alleged in the EEOC complaint. For example, several of the decisions held that an individual whose EEOC complaint alleged only a wrongful termination was barred from filing a civil action based upon discriminatory promotion or training which occurred prior to the individual's termination. *Gilliard v. N.Y. Public Library*, 597 F.Supp. 1069 (S.D.N.Y.1984); *Pickney v. American Dist. Telegraph Co. of Ark.*, 568 F.Supp. 687 (E.D.Ark.1983).

■ This Court agrees that in those situations where an individual attempts to bring a federal court action for a discriminatory act not reported to the EEOC that occurred *prior* to a discriminatory act reported to and investigated by the EEOC, such claim should be barred for failure to exhaust administrative remedies. However, in cases where an alleged discriminatory act occurs *after* a previous discriminatory act has been reported to and investigated by the EEOC, a less strict rule applies.

In *Brown v. Hartshorne Public School Dist. No. 1*, 864 F.2d 680 (10th Cir.1988), the Tenth Circuit reversed a District Court decision granting summary judgment for defendant on the grounds that the plaintiff had not exhausted her administrative remedies. In *Brown*, the plaintiff filed an administrative complaint with the EEOC charging discrimination with respect to the 1984–85 school year on August 7, 1984, received a right to sue letter from the EEOC on October 5, 1985 and filed her action on January 2, 1986. In her complaint, Brown sought relief under Title VII alleging, among other things, that the district refused to hire her for the 1985–86 school year in retaliation for previous suits.

The appellate court held that the district court erred in its legal conclusion that plaintiff's claims for the 1985–86 school year were not properly before it. The Court stated:

> When an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. *Id.* at 682 citing *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973).

This Court believes that the exception cited in *Brown* should apply in this case. The discriminatory termination charge of plaintiff is reasonably related to his prior discriminatory promotion claim. See *Brown v. Continental Can Company*, 765 F.2d 810 (9th Cir.1985) (the Court concluded without discussion that for purposes of determining whether an action was timely filed that a discriminatory termination claim constituted a new act of alleged discrimination that was reasonably related to and occurred during the pendency of an EEOC charge alleging discrimination in training upon which a right to sue letter was issued).

■ In a perfect world, plaintiff should have added his discriminatory termination allegation to his complaint during the pending EEOC investigation of his discriminatory promotion claim. However, the Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination. A technical reading of Title VII is inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982). This Court finds that plaintiff should be allowed his day in court to attempt to prove his discharge was related to the alleged discriminatory promotion or was in retaliation for his filing of the EEOC claim. Therefore, as to Count I, plaintiff's motion to dismiss will be denied.

B. *Count II—Kansas Act Against Discrimination.*

Defendant argues that plaintiff's state law discrimination claim should be barred due to the fact that the applicable statute of limitations has expired on the claim. Defendant also argues that plaintiff failed to exhaust his administrative remedies with regard to the discriminatory termination claim.

■ In cases involving state law claims in federal courts, state statute of limitations law governs. See *Walker v. Armco Steel Corp.*, 446 U.S. 740, 749, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1981); *Saraniero v. Safeway, Inc.*, 540 F.Supp. 749 (D.Kan.1982). Under Kansas law, an action is deemed "commenced" for statute of limitations purposes upon the filing of the petition if service is effected within 90 days

of the filing. If service is not effected within that 90 day period, the action is deemed to have "commenced" upon the date of service. K.S.A. 60–203. The Kansas Act Against Discrimination ("KAAD") does not contain its own statute of limitations. Therefore, the general statute of limitations for tort actions applies to claims under the KAAD. K.S.A. 60–513(a)(4) provides for a two (2) year statute of limitations for actions for injury to the rights of another not arising on contract.

Pursuant to plaintiff's second amended complaint, plaintiff alleges that he was terminated on February 6, 1989. Therefore, the two (2) year statute of limitations for bringing an action would have given the plaintiff until February 6, 1991 to timely file an action. Pursuant to K.S.A. 60–203, the action on plaintiff's KAAD claim was not commenced until defendant was served on August 2, 1991. Therefore, plaintiff's KAAD claim is barred by the applicable two (2) year statute of limitations. Count II of plaintiff's complaint is dismissed.

### C. *Count III—Breach of Implied Employment Contract.*

■ Defendant asserts that plaintiff's breach of implied employment contract claim is barred by the applicable statute of limitations. K.S.A. 60–512 provides for a three (3) year statute of limitations on all actions upon contracts, obligations or liabilities expressed or implied but not in writing. Therefore, pursuant to the three (3) year statute of limitations, plaintiff would have until February 6, 1992 to file its implied employment contract claim. Since plaintiff's action was commenced on August 2, 1991, when service on the defendant was obtained, plaintiff's claim was commenced within the three (3) year statute of limitations. Therefore, defendant's motion to dismiss count III of plaintiff's complaint is denied.

### D. *Count IV—Section 1981 Claim.*

Defendant objects to plaintiff's section 1981 claim on two grounds. First, defendant contends that the claim is barred by the two year statute of limitations. Sec-

ond, defendant relies on *Patterson v. Mc-Lean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989) for the proposition that discriminatory termination and promotion claims are not actionable under section 1981.

■ A two year statute of limitations does apply to section 1981 claims pursuant to Kansas law. *Baker v. Board of Regents*, 768 F.Supp. 1436 (D.Kan.1991). However, since section 1981 litigation involves a federal question, Rule 3 of the Federal Rules of Civil Procedure must be applied. Rule 3 states that an action is commenced on the filing of a complaint. Therefore, plaintiff's section 1981 action was commenced upon the filing of the original complaint on July 27, 1990. Plaintiff's section 1981 claim was timely filed for any alleged discriminatory promotions which occurred after July 27, 1988. Any section 1981 discriminatory promotion claims of plaintiff which occurred prior to July 27, 1988 are barred by the two year statute of limitations.

■ *Patterson* and its progeny have made it clear that discriminatory termination claims are no longer actionable under 42 U.S.C. § 1981. See *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Gonzalez v. Home Ins. Co.*, 909 F.2d 716, 722 (2d Cir.1990); *Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805 (5th Cir.1990); *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 473 (9th Cir.1989). For this reason, plaintiff's claim under section 1981 in regard to his discriminatory termination is hereby dismissed.

As to plaintiff's discriminatory failure to promote claim under section 1981, this Court finds that defendant is not entitled to dismissal or summary judgment. While *Patterson* did eliminate litigation under section 1981 of discriminatory termination claims and discrimination in routine promotions involving a raise, the failure to receive some promotions remains actionable. See *Malhotra v. Cotter & Co.*, 885 F.2d 1305 (7th Cir.1989). In *Mallony v. Booth Refrigeration Supply Co., Inc.*, 882 F.2d 908 (4th Cir.1989), the court ruled that

a claimant's evidence satisfied the *Patterson* test where claimant showed that had she been promoted she would have received a "consequent increase in responsibility and pay".

■ Although there is little uniformity among courts as to exactly what discriminatory promotion claims remain actionable under section 1981 after the *Patterson* decision, it appears that the general rule is that actions under section 1981 for discriminatory promotion remain viable if the change in position was such that it involved the opportunity to enter into a new contract with the employer creating a new and distinct relationship between the employee and the employer. This has most often been described as an increase in supervisory or management responsibilities as opposed to a mere increase in pay. The Court believes there are genuine issues of material fact as to whether the discriminatory promotion claim of plaintiff satisfies the *Patterson* test. Because material issues of fact remain, defendant's motion for dismissal and/or summary judgment on plaintiff's section 1981 discriminatory promotion claim is denied.

CONCLUSION

IT IS, THEREFORE, BY THE COURT ORDERED THAT:

Defendant Roadway Express, Inc.'s motion to dismiss action with prejudice (Doc. 29); motion to dismiss or, in the alternative, for summary judgment (Doc. 21); and renewed motion to dismiss or, in the alternative, for summary judgment (Doc. 51) are granted in part and denied in part, consistent with the foregoing opinion and including the particulars set out below:

(1) Plaintiff's in forma pauperis status is revoked. Plaintiff shall pay the Clerk of this Court the $120.00 filing fee for this action on or before February 28, 1992. In the event plaintiff fails to pay the $120.00 filing fee on or before February 28, 1992, this action shall be dismissed with prejudice.

(2) Plaintiff violated F.R.C.P. Rule 11 by filing an Application to Proceed In Forma Pauperis which plaintiff knew to contain materially false factual statements. Defendant is ordered to submit an accounting of costs incurred in the preparation of its motion to dismiss with prejudice within 10 days. Once the Court has received this accounting, the Court will issue an order requiring plaintiff to pay a reasonable amount of the fees and costs incurred by defendants in filing that motion.

(3) Plaintiff's request for compensatory damages relating to the Title VII claim is disallowed.

(4) Plaintiff's state law discrimination claim is time barred by the statute of limitations and therefore is dismissed.

(5) Plaintiff's discriminatory termination claim under section 1981 is dismissed.

(6) Plaintiff's discriminatory promotion claim under section 1981 is limited to alleged discriminatory promotions occurring after July 27, 1988.

IT IS SO ORDERED.