Vicki H. BROWN,
Plaintiff–Appellant,

v.

HARTSHORNE PUBLIC SCHOOL DISTRICT # 1, Defendant–Appellee.

No. 86–2852.

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 1988.

James D. Wadley of Wadley & Bartheld, McAlester, Okl., for plaintiff-appellant.

Richard C. Lerblance, Hartshorne, Okl., for defendant-appellee.

Before McKAY, SEYMOUR, and TACHA, Circuit Judges.

SEYMOUR, Circuit Judge.

Vicki Brown filed a civil rights action against Hartshorne Public School District # 1 under 42 U.S.C. § 2000e–5 (1982) (Title VII of the 1964 Civil Rights Act) and under 42 U.S.C. § 1983 (1982). The district court granted defendant's Motion for Summary Judgment because it believed that plaintiff had failed to exhaust her administrative remedies. Because the district court misread plaintiff's complaint and erred in its legal conclusions, we reverse.

I.

Brown, a Mexican–American, unsuccessfully applied for a teaching position with the District in each of the last ten years. She filed her first EEOC charge alleging national origin discrimination in January 1979, and filed her first suit in April of that year. That suit was dismissed without prejudice. Brown refiled the suit in November 1980, and it was again dismissed in September 1981. She filed a second administrative charge of discrimination with respect to the 1984–85 school year on August 7, 1984, received a right-to-sue letter from the EEOC October 5, 1985, and filed this action January 2, 1986. In the instant complaint, Brown seeks relief under Title VII and section 1983, alleging both that the District has discriminated against her during the last ten years because she is Mexican–American, and that the District refused to hire her for the 1985–86 school year in retaliation for her previous suits.

The District moved for summary judgment, alleging, inter alia, that Brown had not exhausted her administrative remedies due to various procedural irregularities.

The district court granted the motion and dismissed the entire complaint solely because Brown had not filed an EEOC charge with respect to the District's failure to hire her for the 1985–86 school year. The court did not address the section 1983 claim.

## II.

■ The district court's grant of summary judgment was based on a number of factual and legal errors. Most importantly, the court ignored the fact that Brown, in addition to her retaliation claim for the District's refusal to hire her for the 1985–86 school year, asserted that the District had discriminated against her for the 1984–85 school year. Rec., vol. I, doc. 1, at 4 (hereinafter "Complaint"). Brown had exhausted this claim by filing a charge of national origin discrimination with the EEOC, receiving notice of her right to file suit in district court, and timely filing this action.[1] Thus, the district court's reasoning with respect to Brown's claims for the 1985–86 school year is simply inapplicable to any claims asserted in the 1984 EEOC complaint.

■ The district court also erred in its legal conclusion that plaintiff's claims for the 1985–86 school year were not properly before it. The court correctly pointed out that a discrimination claim may not be filed in federal court before administrative remedies have been exhausted. However,

> [w]hen an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.

*Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973). *See also Loe v. Heckler,* 768 F.2d 409, 420 (D.C.Cir.1985); *Brown v. Continental Can Co.,* 765 F.2d 810, 813 (9th Cir.1985); *Almendral v. New York State Office of Men-*

*tal Health,* 743 F.2d 963, 967 (2d Cir.1984); *Waiters v. Parsons,* 729 F.2d 233, 237–38 (3d Cir.1984). Courts have held that an act committed by an employer in retaliation for the filing of an EEOC complaint is reasonably related to that complaint, obviating the need for a second EEOC complaint. *See Kirkland v. Buffalo Bd. of Educ.,* 622 F.2d 1066, 1068 (2d Cir.1980); *see also Gottlieb v. Tulane Univ.,* 809 F.2d 278, 284 (5th Cir.1987) (holding that district court has ancillary jurisdiction over claims of retaliation for filing of EEOC complaint properly before the court); *Gupta v. East Texas State Univ.,* 654 F.2d 411, 414 (5th Cir.1981) (same). Courts have also held that acts committed pursuant to a pattern of discrimination challenged in an EEOC complaint, but occurring after its filing, are reasonably related to that complaint, and may be challenged in district court without filing another EEOC complaint. *See e.g., Almendral,* 743 F.2d at 967; *Waiters,* 729 F.2d at 237–38; *Ramirez v. Nat. Distillers & Chemical Corp.,* 586 F.2d 1315, 1320 (9th Cir.1978).

In this case, Brown has alleged that the District's decision not to hire her for the 1985–86 school year, which occurred during the pendency of her EEOC complaint, was both in retaliation for her EEOC filing and part of an ongoing pattern of discrimination. We conclude that if either of these claims is true, Brown's 1985–86 related claims would be properly before the district court. She should have the opportunity, through discovery and at trial, to prove the truth of her allegations and the propriety of jurisdiction. *Oubichon,* 482 F.2d at 571.

■ Finally, in dismissing Brown's Title VII action the district court ignored the fact that she also asserts a section 1983 claim. A state employee suffering from discrimination may assert claims under both section 1983 and Title VII. In enacting Title VII, Congress did not intend to eliminate a public employee's right to sue under section 1983, *see generally Keller v. Prince George's County,* 827 F.2d 952,

---

**1.** Plaintiff had 90 days from the receipt of a right-to-sue notice, or until January 3, 1986, to file this complaint.

958–62 (4th Cir.1987) (discussing relevant legislative history of Title VII), and Courts of Appeals addressing the issue have held that causes of action exist under both section 1983 and Title VII for public sector employment discrimination. *See, e.g., Keller,* 827 F.2d at 955, 962 (citing cases); *Ratliff v. City of Milwaukee,* 795 F.2d 612, 623–24 (7th Cir.1986); *Trigg v. Fort Wayne Comm. Schools,* 766 F.2d 299, 301–02 (7th Cir.1985). While this Court has never addressed the issue directly, it has tacitly approved the assertion of section 1983 and Title VII claims in the same suit. *See Poolaw v. City of Anadarko,* 738 F.2d 364, 366 n. 1 (10th Cir.1984), *cert. denied,* 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985). Similarly, the Supreme Court has acknowledged that the actions of public employers are subject to the potentially differing requirements of Title VII and the Fourteenth Amendment itself. *Local Number 93, Int'l Assoc. of Firefighters v. City of Cleveland,* 478 U.S. 501, 517 n. 8, 106 S.Ct. 3063, 3073 n. 8, 92 L.Ed.2d 405 (1986).

■ Claims under section 1983 and Title VII differ significantly in their statutes of limitations, exhaustion requirements, and available remedies. *See Keller,* 827 F.2d at 955. The most important distinction with respect to the district court's holding is that a section 1983 plaintiff need not comply with the exhaustion requirements of Title VII. *See id.; Trigg,* 766 F.2d at 302; *see also Gillette v. McNichols,* 517 F.2d 888, 890 (10th Cir.1975) (Section 1983 employment discrimination plaintiff need not exhaust state administrative remedies). On remand, the district court should note these differing standards and procedures and apply them to the separate causes of action in this case.

The decision of the district court is reversed, and the case is remanded for proceedings consistent with this opinion.