**Cattie M. SMITH, Plaintiff,**

v.

**The DENVER PUBLIC SCHOOL BOARD, Defendant.**

No. 89–C–2215.

United States District Court, D. Colorado.

March 12, 1991.

---

Penfield Tate, Denver, Colo., for plaintiff.

Michael Jackson, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Cattie M. Smith commenced this action asserting claims under Title VII, 42 U.S.C. § 2000e *et seq.* (first claim), 42 U.S.C. § 1981 (second claim) and 42 U.S.C. § 1983 (third claim). Defendant Denver Public School Board has moved to dismiss the plaintiff's second and third claims pursuant to Fed.R.Civ.P. 12(b)(6). Defendant further seeks dismissal of the plaintiff's prayers for punitive damages and for a court ordered affirmative action program. Plaintiff has responded by opposing the motion.

The parties have briefed the issues and oral argument would not materially facilitate decision. Jurisdiction exists under 28 U.S.C. § 1331.

### I. Facts.

In August 1981, the defendant hired the plaintiff, a Black female, as a food service worker. In 1986, the plaintiff was suspended from her job. She apparently then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).[1] EEOC conciliation efforts were unsuccessful. Ultimately, however, the plaintiff's suspension was overturned and she returned to work.

Plaintiff asserts that thereafter she "was subjected to continuous unequal treatment from her supervisor" resulting in her receiving an unsatisfactory performance evaluation in June 1987. (Plaintiff's amended complaint, p. 2.) That discrimination allegedly has prevented her from obtaining a promotion. She has declined new job assignments offered to her because accepting those jobs allegedly would foreclose future promotion opportunities.

In August 1988, the plaintiff filed a second charge of discrimination with the EEOC, alleging that the defendant was discriminating against her for having filed the previous EEOC action. On May 24, 1990, the EEOC issued a right to sue letter. Plaintiff filed the instant complaint on June 25, 1990. She remains employed by the defendant as a food service worker.

### II. Analysis.

Defendant has moved to dismiss the plaintiff's second and third claims as well as her punitive damages and affirmative action prayers for relief. I address each issue in turn.

#### A. Second Claim.

In her second claim, based on § 1981, the plaintiff alleges racially-motivated harassment, suspension and, by incorporation of her first claim, failure to promote. (Amended complaint, pp. 2–4.) In considering this Rule 12(b)(6) motion, the complaint's allegations must be construed liberally. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Dismissal of a claim is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the United States Supreme Court narrowed § 1981's application in the

---

**1.** Plaintiff does not indicate the exact date the EEOC charge was filed or to what alleged discrimination that complaint related.

employment context by holding that a discrimination claim, to be actionable, must be based on the making and enforcement of a contract. The Court further held that § 1981 does not apply to an employer's discriminatory conduct after a contract's formation unless the employer's act "impairs the right to enforce contract obligations through legal process." *Id.* 109 S.Ct. at 2374.

■ In part, the plaintiff complains of race-based harassment and suspension. Those allegations, however, charge discriminatory treatment only in conduct affecting the terms and conditions of her employment, not its formation or enforcement. They charge post-formation conduct that could not have impinged on procedures to make or enforce the employment contract. Further, the plaintiff does not assert that the defendant has obstructed her access to legal process. *Patterson* requires dismissing that portion of the plaintiff's second claim seeking relief for racially motivated harassment and suspension.

■ Plaintiff further attempts to assert a § 1981 failure to promote claim, incorporating by reference into her second claim the allegations of her first claim, the Title VII claim. (*See* amended complaint, ¶¶ 7–10, 12.) As I discussed in *Jordan v. U.S. West Direct Co.,* 716 F.Supp. 1366, 1368 (D.Colo.1989), whether a § 1981 failure to promote claim is actionable in the wake of *Patterson* "depends upon whether the nature of the change in position was such that it involved the opportunity to enter into a new contract with the employer." *See Patterson,* 109 S.Ct. at 2377. If so, then "the *employer's refusal* to enter the new contract is actionable." *Id.* (emphasis added).

The Supreme Court in *Patterson* cautioned, however, that § 1981's phrase "the same right ... to make ... contracts" should not be unduly strained, and that "only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and employer" is such a claim actionable. *Id.*

Plaintiff asserts that, upon reinstatement from her suspension, she was offered "three choices as to future assignments" but that *she* declined those offers. (Amended complaint, ¶ 8.) She does not allege that the assignments offered constituted promotions, and indeed, her amended complaint implies otherwise. *Id.* Under *Patterson,* the fact that the plaintiff, rather than her employer, refused the proffered employment removes the claim from the scope of § 1981's coverage, particularly where, as here, it is entirely unclear whether her employer's offer presented the plaintiff an opportunity to enter a new and distinct employer/employee contractual relationship. *See Patterson,* 109 S.Ct. at 2377.

For the above reasons, that part of the plaintiff's second claim asserting a § 1981 failure to promote must be dismissed, but without prejudice. Plaintiff is granted eleven days from the date of this order to amend her complaint if, after a review of the facts and controlling law, her counsel concludes in good faith that reassertion of the § 1981 claim is justified. Counsel is reminded of the requirements of Fed.R. Civ.P. 11 and 28 U.S.C. § 1927, as well as the sanctions for their violation.

### B. Third Claim.

■ Plaintiff's third claim is based on § 1983. That claim must be dismissed, the defendant argues, because it is arises from the same factual allegations as her Title VII claim and fails to identify an independent constitutional or federal statutory right that allegedly has been violated. (Defendant's brief, p. 2.)

■ Unlike § 1981, § 1983 does not create substantive rights, but merely provides a remedy for violation of rights created elsewhere. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 616–18, 99 S.Ct. 1905, 1915–16, 60 L.Ed.2d 508 (1979). That distinction has left unclear the question whether factually identical claims may be asserted under both Title VII and § 1983 in the same suit.

The Tenth Circuit has determined that, as a general rule, a plaintiff may sue under both Title VII and § 1983. *Brown v. Hartshorne Public School Dist. #1,* 864

F.2d 680, 682–83 (10th Cir.1988). The *Brown* court, however, did not delineate the circumstances, if any, under which a Title VII claim precludes assertion of a § 1983 claim. *Id.* at 683.

That issue has been addressed directly by this court. *See Allen v. Denver Public School Board, et al.,* Civil Action No. 88–F–637, Slip Op., 1989 WL 224516 (D.Colo., April 11, 1989); *Trujillo v. Grand Junction Regional Center,* Civil Action No. 88–C–1423, Slip Op. (D.Colo. October 20, 1989). In *Allen,* the court followed the majority rule that a plaintiff may sue under both Title VII and § 1983 only when the latter claim is based on rights independently guaranteed by the Constitution or federal statutes other than Title VII. *Id.* at 10, 1989 WL 224516. The *Allen* plaintiff's § 1983 claim was based on alleged violations of "her rights and immunities as guaranteed by the Constitution and the statutes of the United States." *Id.* at 11, 1989 WL 224516. That claim was dismissed because the plaintiff's vague allegations did not sufficiently establish that her claim was based on an asserted deprivation of rights other than those created by Title VII. *Id.* at 12, 1989 WL 224516.

Here the plaintiff's third claim incorporates by reference the allegations of her Title VII claim. (*See* amended complaint, p. 4.) She further alleges a deprivation of "her rights and immunities guaranteed by the Constitution and statutes of the United States...." *Id.* That allegation is virtually identical to the allegation *Allen* held insufficient to state a § 1983 claim.

For the reasons stated in *Allen,* I conclude that the plaintiff's third claim must be dismissed. I do not hold that the plaintiff must plead her § 1983 claim with particularity. However, the possibility that the § 1983 claim may be precluded by the Title VII claim requires that the plaintiff reveal her § 1983 claim's independent legal basis.[2] Plaintiff is granted eleven days from the date of this order to amend her complaint as to that claim.

**C. Plaintiff's Prayers for Relief.**

■ Plaintiff's prayer for punitive damages is not, as alleged, a separate claim for relief and, therefore, is not subject to dismissal on the defendant's motion. The prayer for punitive damages will be stricken, however, because the plaintiff has conceded that punitive damages are not available in this action. (*See* plaintiff's response, p. 2.)

Plaintiff's prayer for relief in the form of an affirmative action program is likewise not a separate claim for relief and therefore is not subject to dismissal. I do not express an opinion whether that relief is available in this action, but admonish the plaintiff carefully to review the law on that subject, in the light of Fed.R.Civ.P. 11, before filing her amended complaint.

Accordingly, IT IS ORDERED that:

(1) the defendant's motion to dismiss is granted in part and denied in part;

(2) that part of the plaintiff's second claim under 42 U.S.C. § 1981 asserting racially motivated harassment and suspension is dismissed;

(3) that part of the plaintiff's second claim under 42 U.S.C. § 1981 asserting discriminatory failure to promote and the plaintiff's third claim under 42 U.S.C. § 1983 are dismissed without prejudice. Plaintiff shall have eleven days from the date of this order to amend her complaint as to those claims as justified by the law and facts, and the defendant shall have twenty days thereafter to file an answer or other response;

(4) the plaintiff's prayer for punitive damages is stricken;

(5) the defendant's motion to dismiss the plaintiff's prayer for imposition of an affirmative action program is denied; and

(6) the parties are ordered to meet and confer within eleven days of this order in a good faith effort to settle

---

**2.** In her brief, the plaintiff argues that her third claim sufficiently articulates "loss of property" and the denial of "equal protection of the laws with regard to her employment status" as the claim's bases. (Plaintiff's response, p. 2.) Mindful of the requirements of notice pleading and construing the plaintiff's complaint liberally, I reject that argument.

this matter and thereby avoid further costly and time consuming litigation. The parties shall consider alternate dispute resolution. The parties shall report the results of their negotiations in writing to this court within fifteen days, and shall state whether they are pursuing alternate dispute resolution and whether a settlement conference before a Magistrate Judge would facilitate settlement.