930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Debbie D'ZURELLA, Plaintiff-Appellant
v.
STATE OF KANSAS, Department of Social Rehabilitation
Services, Dr. Robert L. Harder, Secretary State Department
of Social Rehabilitation Services, Julia Lambert, Supervisor
State Department Social Rehabilitation Services, and
Individually, Steve Lusk, Supervisor State Department of
Social Rehabilitation Services, and Individually, Mike
Oliver, Employee, State Department of Social Rehabilitation
Services, and Individually, Ernie Dyer, Supervisor State
Department of Social Rehabilitation Services, and
Individually, Barbara Gaines, Supervisor State Department of
Social Rehabilitation Services and Individually, Defendants-Appellees,
and
Nelson Martin, Employee, State Department of Social
Rehabilitation Services, and Individually, Roz Muirhead,
Supervisor State Department of Social Rehabilitation
Services, and Individually, Defendants.
 No. 90-3202.
 United States Court of Appeals, Tenth Circuit.
 March 18, 1991.
 
 Before LOGAN, SEYMOUR and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Debbie D'Zurella brought this action under 42 U.S.C. Sec. 2000e-5 (1988) (Title VII)[1] asserting retaliation and constructive discharge against the Kansas State Department of Social and Rehabilitation Services (SRS) and eight SRS employees. The district court granted summary judgment in favor of individual defendants Robert Harder, Julia Lambert, and Steve Lusk. The court also granted summary judgment against D'Zurella on her constructive discharge claim, holding that this claim, as to which D'Zurella had not filed an administrative charge, was not within the scope of the EEOC retaliation charge she did file. Finally, the court found in favor of the SRS and individual defendants Barbara Gaines and Ernest Dyer after a bench trial.[2] D'Zurella appeals pro se and we affirm.
 
 I.
 
 2
 D'Zurella filed her complaint on November 21, 1986. She moved to amend and add a First Amendment claim under 42 U.S.C. Sec. 1983 on September 12, 1989, after discovery had been completed, a pretrial order entered, and the case set for trial. The district court denied D'Zurella leave to amend, citing her failure to establish sufficient good cause for a delay of well over two years and the prejudice to defendants from the need to undertake additional discovery at that late point in the proceedings. We agree.
 
 
 3
 The district court recognized that while leave to amend under Fed.R.Civ.P. 15(a) "shall be fully given when justice so requires," unexcused and truly inordinate delay alone may be a sufficient basis for denial of the motion, see Rec., vol. II, doc. 223 at 2 (citing First City Bank v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir.1987)). Here, in addition to undue delay, the court relied on prejudice to defendants and D'Zurella's failure to establish cause for the delay, noting that she had been represented by counsel since shortly after filing her complaint. In so doing, the court acted well within its discretion. See Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1184-85 (10th Cir.1990).
 
 II.
 
 4
 Defendants SRS, Lusk, and Dyer moved for summary judgment on D'Zurella's constructive discharge claim, asserting that she had not exhausted her administrative remedies as to that charge. The filing of a charge of discrimination with the EEOC "is a jurisdictional prerequisite to the institution of a lawsuit." Romero v. Union Pac. R.R., 615 F.2d 1303, 1311 (10th Cir.1980). However, EEOC complaints are to be liberally construed, id., and the scope of a charge is considered to include "any discrimination like or reasonably related to the allegations of the EEOC charge." Brown v. Hartshorne Pub. School Dist. No. 1, 864 F.2d 680, 682 (10th Cir.1988) (quoting Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973)). A claim is reasonably related to an EEOC charge if "the original EEOC investigation would have encompassed the additional charges." Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1476 (9th Cir.1989). We agree with the district court that D'Zurella's claim of constructive discharge allegedly occurring in May 1988, three years after the EEOC charge was filed and two years after she received a right-to-sue letter, is not reasonably related to the original EEOC charge and investigation. Accordingly, we affirm the grant of summary judgment on this claim.
 
 III.
 
 5
 D'Zurella challenges the district court's grant of summary judgment for defendants Harder, Lambert, and Lusk on her retaliation claim. To establish a prima facie case of retaliation under Title VII, a plaintiff must show:
 
 
 6
 "(1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) she was disadvantaged by an action of her employer subsequent to or contemporaneous with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action."
 
 
 7
 Burrus v. United Tel. Co., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982).
 
 
 8
 The district court described the state of the record as to these defendants as follows:
 
 
 9
 "As regards defendant Harder, it is uncontroverted that at all times pertinent to this litigation, he was the Secretary of SRS and that in July 1986, he directed an investigation to be completed regarding internal grievances filed by plaintiff concerning alleged retaliation. The result of this investigation was plaintiff's transfer to the Lawrence office. With respect to defendant Lambert, it is uncontroverted that she was plaintiff's supervisor in 1982 and 1983, at which time Lambert was transferred to the Winfield office. Plaintiff's only allegation against defendant Lambert is that she provided a "bad reference" at a later time; however, the reference was not provided on any of the four occasions alleged to be retaliatory. Similarly, defendant Lusk, although plaintiff's supervisor in 1983, left employment with SRS in 1984. Plaintiff's only allegation against Lusk is that he told her in 1983 that there would be no retaliation against her for filing the KCCR complaint."
 
 
 10
 Rec., vol. II, doc. 223 at 10. Based on the above facts, the court concluded that D'Zurella had failed to raise a genuine issue of fact as to whether these defendants knew of or acquiesced in the alleged retaliatory conduct. Our own review of the record, conducted most favorably to D'Zurella, leads us to agree with the lower court. Accordingly, we affirm summary judgment for these defendants.
 
 IV.
 
 11
 Finally, D'Zurella complains that the testimony of her expert witness was disallowed at trial, and that the district court's findings in favor of defendants SRS, Gaines, and Dyer are clearly erroneous. Our review of these issues is precluded by D'Zurella's failure to include the trial transcript in the record on appeal. "Without the record before us to substantiate the general allegations of error, we must defer to the trial court's decisions in these areas." Moore v. Subaru of America, 891 F.2d 1445, 1448 (10th Cir.1989).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 D'Zurella originally asserted claims pursuant to 42 U.S.C. Secs. 1981, 1983 and 1985 in addition to her Title VII claims. She states on appeal that these claims were eliminated by the court at a pretrial conference. Although the district court docket sheet indicates that a pretrial proceeding was held on June 26, 1989, that D'Zurella objected to the proposed pretrial order presumably resulting from this pretrial conference, and that a pretrial order was entered on September 11, 1989, none of these occurrences are included in the record on appeal. We are not told, nor are we able to discern from the record, the grounds on which the district court dismissed these civil rights claims. We are thus unable to review the propriety of the dismissals. We note, however, that the disposition of the Title VII claims covered by this order would equally dispose of the claims under section 1983
 
 
 [2]
 The claims against defendants Roz Muirhead and Nelson Martin were dismissed with prejudice, a ruling D'Zurella does not challenge on appeal. Proceedings against Mike Oliver were stayed pending bankruptcy