Charles R. MORALES, Plaintiff,

v.

United States Postmaster General, Marvin RUNYON, Defendant.

No. 92–2330–KHV.

United States District Court, D. Kansas.

Jan. 31, 1994.

Robert M. Pitkin, Levy and Craig, P.C., Overland Park, KS, for plaintiff.

Charles Richard Morales, pro se.

Janice M. Karlin, Office of U.S. Atty., Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on defendant United States Postmaster General Marvin Runyon's *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Doc. # 12). Plaintiff Charles R. Morales, an employee of the United States Postal Service, claims that defendant violated his civil rights "as guaranteed under Title VII Civil Rights Act; harassment in employment; re-

prisal for prior EEO action; violation of the Privacy Act; noncompliance and/or violation of the Freedom of Information Act; noncompliance with Privacy Act because of race and/or national origin; reprisals and harassment of plaintiff for prior EEO action." *First Amended Complaint,* ¶ 4. Defendant seeks dismissal of plaintiff's Title VII claims, or in the alternative summary judgment, on the grounds that plaintiff has failed to exhaust administrative remedies.[1]

Plaintiff alleges in his complaint that he filed a written complaint with the Equal Employment Opportunity Commission, that he received a right-to-sue letter, and that all conditions precedent to the institution of this lawsuit have been fulfilled. On the face of the complaint, the Court cannot find that plaintiff has failed to exhaust administrative remedies. *See Lafoy v. HMO Colorado,* 988 F.2d 97, 98 (10th Cir.1993) (in ruling on motion to dismiss court must accept as true allegations in complaint and construe them in light most favorable to plaintiff). Therefore, the Court will consider defendant's alternative motion for summary judgment. *See Wade v. Secretary of Army,* 796 F.2d 1369, 1376 n. 8 (11th Cir.1986) (summary judgment appropriate where decision depends on materials outside pleadings).

The following facts are undisputed. On February 17, 1992, plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Complaints Office of the United States Postal Service ("EEO"). In that complaint, plaintiff alleged that defendant retaliated against him for a previous EEO filing and discriminated against him on account of race and/or handicap.[2] Specifically, plaintiff alleged that (1) defendant did not respond to his December 5, 1991, request for documentation; (2) on December 11, 1991, supervisor R. Johnson harassed him for wearing a long coat and for not being able to perform his regular mail handler duties; and (3) defendant released information regarding his worker's compensation case to unauthorized persons, which jeopardized his ability

to obtain a "limited duty" position. EEO Complaint, # 4–H–1084–92.

On June 17, 1992, the EEO directed Rochelle Henderson to investigate plaintiff's complaint. On that same day, Henderson sent plaintiff an affidavit form and instructed him to complete a sworn statement thoroughly detailing the basis for his complaint. On June 24, 1992, Henderson sent another letter advising plaintiff that he had seven calendar days to forward the affidavit. Plaintiff received the June 24 letter on June 25, but he failed to provide a written response. On July 6, 1992, Henderson sent another letter informing plaintiff that his affidavit was past due and giving him 15 additional days to return the affidavit. The July 6 letter contained the following warning:

> This will be your final notification regarding your past due affidavit. If you fail to return your affidavit within the prescribed time limits, I will return your formal complaint—# 4–H–1084–92 to the Wichita Division EEO Office for proper disposition, which may result in the rejection of your formal complaint.

Plaintiff received the July 6 letter on July 8, but he failed to respond. On August 3, 1992, the EEO issued a final agency decision, which found that plaintiff had failed to respond to three separate letters requesting an affidavit to support his claim. As a result of his failure to provide an affidavit, the EEO cancelled plaintiff's complaint for lack of prosecution. The final agency decision stated that plaintiff could file a civil action in federal court or appeal to the Equal Employment Opportunity Commission.

### A. *Exhaustion of Administrative Remedies*

"Exhaustion of administrative remedies is a prerequisite to filing a Title VII action in federal court." *Gulley v. Orr,* 905 F.2d 1383, 1384 (10th Cir.1990). The exhaustion requirement "serves the purpose of 'giv[ing] the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the

---

1. Defendant's motion does not address any purported claims by plaintiff under the Privacy Act or Freedom of Information Act.

2. Plaintiff has not asserted a claim for handicap discrimination in this case.

agency ... and to provide all relevent, available information is all that exhaustion requires.'" *Khader v. Aspin,* 1 F.3d 968, 971 (10th Cir.1993) (quoting *Wade,* 796 F.2d at 1377).

■ Defendant asserts that plaintiff cannot be deemed to have exhausted administrative remedies, because the EEO Office dismissed his complaint due to his refusal to complete an affidavit. Plaintiff does not dispute that he refused to complete the affidavit. Plaintiff claims that the Court should excuse his failure to exhaust because based on his previous experience with the administrative process, plaintiff believed that the administrative process would be futile.[3] The fact that plaintiff may have been frustrated with the administrative process, however, does not justify his refusal to complete an affidavit to support his claim. *See Khader,* 1 F.3d at 971 ("impatience with the agency does not justify immediate resort to the courts") (citations omitted); *Jordan,* 522 F.2d at 1132 (plaintiff's failure to cooperate with administrative process barred suit in federal court notwithstanding claim of futility). Because plaintiff refused and/or failed to provide the agency with information sufficient to evaluate the merits of his claim, he "cannot be deemed to have exhausted administrative remedies." *Khader,* 1 F.2d at 971 (quoting *Wade,* 796 F.2d at 1376); *see also Edwards v. Dept. of the Army,* 708 F.2d 1344, 1346 (8th Cir.1983) ("exhaustion of administrative remedies encompasses more than just going through the motions"); *Ettinger v. Johnson,* 518 F.2d 648 (3d Cir.1975) (where agency does not reach merits of complaint because plaintiff failed to comply with administrative procedures, court should not reach merits either).

### B. *Reasonably Related Claims*

Plaintiff argues that the exhaustion requirement should not apply because his claims in this case are related to his claims in Case No. 92–2329, wherein he has exhausted administrative remedies. In Case No. 92–2329 plaintiff claims that defendant discriminated against him on account of his race and national origin.

■ A plaintiff may seek relief for discriminatory acts not listed in the original EEO charge if such acts are reasonably related to or grow out of the allegations contained in the original EEO charge, "including new acts occurring during the pendency of the charge before the EEOC." *Brown v. Hartshorne Public School District,* 864 F.2d 680 (10th Cir.1988) (citations omitted). Defendant argues that *Brown* is distinguishable from this case because the subsequent discriminatory acts in *Brown* occurred during the pendency of the EEO investigation, while the subsequent acts in this case occurred after the EEO had completed its investigation (but before it had issued its final agency decision). The discriminatory acts in this case allegedly occurred in December 1991. Defendant asserts that the EEO investigation and conciliation of plaintiff's original claims had completed by April 1991. The EEO did not issue its final agency decision, however, until August 3, 1992. Defendant points out that the ALJ hearing and EEO final decision were delayed due to lack of funding for travel, not continuing investigative or conciliatory efforts. The Court, however, declines to distinguish between new acts which occur during the pendency of the EEO complaint and new acts which occur during the pendency of the EEO investigation. *See, e.g., Cason v. Rolfs,* 1989 WL 134589, p. 2, Case No. 89–2045–S (D.Kan. October 11, 1989) (plaintiff need not show that specific claims were actually investigated by the EEOC).

The Court finds that plaintiff's discrimination and retaliation claims may be reasonably related to his claims in Case No. 92–2329. *See, e.g., Brown,* 864 F.2d at 682 (acts committed in retaliation for filing EEO complaint are reasonably related to first complaint and

---

**3.** Plaintiff also contends that the fact that the EEO has issued a right to sue letter demonstrates that he has exhausted administrative remedies. The fact that the EEO agency has issued a right to sue letter, however, does not relieve plaintiff from the duty to cooperate with the administra-

tive process. *See Jordan v. United States,* 522 F.2d 1128, 1132 (8th Cir.1975) (plaintiff's failure to cooperate with administrative process barred suit notwithstanding fact that agency had issued right to sue letter).

obviate need for second EEO complaint); *Beeson v. Security Benefit Life Ins. Co.,* Case No. 89–4159–R, 1991 WL 50296 (D.Kan. March 23, 1991) (same). If so, plaintiff should be allowed the opportunity to prove those claims. *See Witherspoon v. Roadway Express, Inc.,* 782 F.Supp. 567, 572 (D.Kan. 1992) ("the Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination"). However, to the extent that plaintiff's claims of retaliation and discrimination are related to his claims in Case No. 92–2329, they belong in the same lawsuit. *See, e.g., Gottlieb v. Tulane University of Louisiana,* 809 F.2d 278, 284 (5th Cir.1987) (where intentional discrimination claim was properly before court, it had ancillary jurisdiction over related retaliation claim).

**IT IS THEREFORE ORDERED** that defendant's *Motion to Dismiss or, in the Alternative, for Summary Judgment* (Doc. # 12) should be and hereby is sustained in part and overruled in part. Plaintiff has failed to exhaust administrative remedies with respect to his Title VII claims in this case. To the extent plaintiff claims that his discrimination and retaliation claims in this case are reasonably related to his claims in Case No. 92–2329, on or before February 10, 1994, plaintiff may amend his complaint in Case No. 92–2329 to include such claims. Subject to plaintiff's right to amend, defendant's motion for summary judgment should be and hereby is sustained as to plaintiff's Title VII claims.

**IT IS FURTHER ORDERED** that on or before February 10, 1994, plaintiff is to show cause in writing why the balance of his complaint should not be dismissed with prejudice for failure to state a claim upon which relief can be granted under the Privacy Act and/or Freedom of Information Act.