82 F.3d 425
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sherman A. BIGLEGGINS, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, a New York corporation, Defendant-Appellee.
 No. 93-2270.
 United States Court of Appeals, Tenth Circuit.
 April 18, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Sherwin BigLeggins, who is of American Indian descent, brought this action pro se against his former employer, General Electric Company (GE), alleging that GE discriminated against him and terminated him because of his race. Mr. BigLeggins sought compensatory and punitive damages, and reinstatement. The district court granted GE's motion to dismiss. Mr. BigLeggins appeals and we affirm.
 
 
 3
 In the proceedings below, Mr. BigLeggins did not identify the specific constitutional or statutory provisions under which he sought relief. The district court construed his pleadings liberally and properly determined that Mr. BigLeggins had asserted claims under 42 U.S.C §§ 2000e et seq. (Title VII), 42 U.S.C. § 1981, and state law. With respect to the Title VII claim, the court pointed out that while Mr. BigLeggins' judicial complaint alleged race discrimination, the administrative charge he had previously filed with the EEOC charged retaliation. The court therefore dismissed the claim as jurisdictionally defective. We agree.
 
 
 4
 A plaintiff bringing suit under Title VII must first exhaust administrative remedies by filing a charge with the EEOC asserting the ground upon which the discrimination claim is based. See Archuleta v. Colorado Dep't of Insts., 936 F.2d 483, 488 (10th Cir.1991); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 864 F.2d 680, 682 (10th Cir.1988). The record here indicates that the EEOC charge filed by Mr. BigLeggins asserted only that GE terminated his employment in retaliation for his filing a prior charge and a civil rights suit. See rec., vol. I, doc. 6, ex. C. The complaint alleged that Mr. BigLeggins' termination was the result of race discrimination. Although an exception to the exhaustion requirement exists when the judicial complaint raises matters reasonably related to the prior EEOC charge, see Brown, 864 F.2d at 682, that exception is not applicable here. Accordingly, we affirm the district court's dismissal of the Title VII claim.[1]
 
 
 5
 The district court also ruled that Mr. BigLeggins' claim under section 1981 was barred by the Supreme Court's opinion in Patterson v. McLean Credit Union, 491 U.S. 164 (1989). Under this ruling, section 1981 does not encompass claims for discriminatory termination or other discriminatory conduct that occurs after the creation of an employment contract. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 975-76 (10th Cir.1991). Although the 1991 Civil Rights Act has since amended section 1981 in response to Patterson by including post-hiring discrimination in the conduct remediable under that provision, see 42 U.S.C. § 1981(b) (1994), the amendment does not apply retroactively, see Rivers v. Roadway Express, Inc., 114 S.Ct. 1510 (1994).
 
 
 6
 The Court's ruling in Rivers is dispositive of Mr. BigLeggins' claim under section 1981. In Rivers, as here, the plaintiffs alleged discriminatory discharge on the basis of conduct that occurred before the 1991 Act was passed. The Supreme Court's ruling that the Act does not apply to such claims requires that we affirm the dismissal of the section 1981 claim here as well. See Simons v. Southwest Petro-Chem, Inc., 28 F.3d 1029, 1031-33 (10th Cir.1994).
 
 AFFIRMED.[2]
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3
 
 
 [1]
 Although Mr. BigLeggins raises his retaliation claim on appeal, he did not assert it in his complaint or otherwise present it below. We therefore do not consider it here. See Oyler v. Allenbrand, 23 F.3d 292, 299 n. 8 (10th Cir.1994)
 
 
 [2]
 The district court dismissed Mr. BigLeggins' state law claims without prejudice. He does not allege error in this regard on appeal