**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

VICKI D. CORBIN,

      Plaintiff-Appellant,

v.

MARVIN T. RUNYON, United States
Postmaster General; UNITED STATES
POSTAL SERVICE,

      Defendants-Appellees.

No. 98-6288
(W.D. Okla.)
(D.Ct. No. CIV-96-1766-T)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO, BRORBY**, and **MURPHY**, Circuit Judges.

_____

      Appellant, Vicki Corbin, appeals the district court's decision to dismiss her

Title VII and breach of contract claims with prejudice and award summary

judgment on her Rehabilitation Act claim in favor of Appellees, the United States

Postal Service and Marvin T. Runyon, Postmaster General (collectively "Postal

Service"). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm in part

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

and reverse in part and remand.

BACKGROUND

Ms. Corbin is a letter carrier for the Postal Service. Unhappy with certain employment conditions and treatment by supervisors, she initiated this lawsuit against her employer. After twice amending her complaint, Ms. Corbin's alleged: (1) violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-793 (Rehabilitation Act) and the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*; (2) breach of contract under 29 U.S.C. § 185 and 39 U.S.C. § 1208(b); and (3) denial of Equal Protection and Due Process under Title VII, 42 U.S.C. § 2000e *et seq*.

The Postal Service filed a motion for partial dismissal of Ms. Corbin's second amended complaint for failure to state viable claims of constitutional tort, breach of contract, violation of the Federal Employees' Compensation Act, and violation of Title VII. The district court addressed this motion in a series of orders. In its first order, the court dismissed Ms. Corbin's Title VII claims for failing to allege the Postal Service discriminated against her on the basis of any protected classification, and also dismissed her constitutional claims as barred by the doctrine of sovereign immunity and the exclusive remedy provisions of the

-2-

Rehabilitation Act. Then, after receiving supplemental briefing, the court issued another order dismissing Ms. Corbin's breach of contract claim for failure to exhaust available contractual remedies before filing suit, and for untimely filing of her claims. In response to the court's first order, Ms. Corbin filed a motion, pursuant to Fed. R. Civ. P. 59(e), to amend judgment on the dismissal of her Title VII action or, alternatively, for leave to amend her complaint again so she could "well-plead" her Title VII claims. The district court denied this motion. Finally, the Postal Service moved for summary judgment on Ms. Corbin's lone remaining Rehabilitation Act claim (which also encompassed her Federal Employees' Compensation Act allegations), contending she failed to exhaust her administrative remedies. The court granted the motion and dismissed her Rehabilitation Act claim.

Ms. Corbin now appeals, challenging: (1) the district court's decision to dismiss her Title VII claims of retaliation, harassment, and discriminatory hostile work environment; (2) the court's refusal to allow her to amend her pleadings; (3) the court's dismissal of her breach of contract claim; and (4) the court's award of summary judgment on her Rehabilitation Act claim. She expressly abandons her constitutional allegations on appeal.

DISCUSSION

A.    Dismissal of Claims

We review de novo the district court's decision to dismiss Ms. Corbin's Title VII and breach of contract claims under Fed. R. Civ. P. 12(b)(6). *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997). Applying the same standard as the district court, we will "uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [her] to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Fuller v. Norton*, 86 F.3d 1016, 1020 (10th Cir. 1996). Under this rule, we acknowledge the "powerful presumption against rejecting pleadings for failure to state a claim." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quotation marks and citation omitted).

1.    Title VII

The district court dismissed Ms. Corbin's complaint for failure to state a viable Title VII claim, holding she did not specifically identify any adverse personnel action by the Postal Service showing discrimination on the basis of some protected classification. Ms. Corbin argues her complaint contains

sufficient facts and allegations to provide the Postal Service with notice of her Title VII discrimination claims. In support of her argument, she cites a portion of her complaint where she alleges the Postal Service "through it's [sic] representatives continually harassed her and created a sustained intolerable hostile work environment that has changed the terms and conditions of her employment ... and retaliated against her for exercising her [Equal Employment Opportunity] rights." She asserts this harassment and unequal treatment arose because of her gender and the Postal Service's desire to retaliate against her. In further support of the sufficiency of her complaint, Ms. Corbin argues that the extensive outline of facts she included is more than mere background information, but contains specific instances of conduct by the Postal Service supporting her Title VII action, and explains the nature of the unequal, harassing treatment and retaliation she suffered from supervisors for making Equal Employment Opportunity ("EEO") complaints.

We agree with the district court that the Title VII portion of Ms. Corbin's second amended complaint is far from precise and raises some doubt about the validity of her Title VII claim. The reader must draw certain inferences from her allegations and piece them together with other portions of her complaint in order to determine the exact nature of her claims. Nevertheless, we must acknowledge

our federal rules require very little in the way of specificity in pleading. A "short and plain statement of the claim showing that the pleader is entitled to relief" will ordinarily suffice. Fed. R. Civ. P. 8(a).

We believe Ms. Corbin's Title VII claim satisfies this standard. Under the Title VII heading of her complaint, she incorporates by reference all of the preceding paragraphs. Among the incorporated paragraphs we find two critical references to gender-based discriminatory treatment and retaliation. In paragraph six of her complaint, Ms. Corbin alleges she "has been denied equal treatment, as other male employees similarly situated," and again in paragraph nine she claims "harassment ... and generally disparate treatment based upon gender and retaliation." These incorporated references appear to vitiate the district court's stated rationale for dismissing Ms. Corbin's Title VII action. Viewing these incorporated paragraphs in the context of the other facts and allegations specifically included under the Title VII heading, and giving Ms. Corbin the benefit of the presumption against rejecting pleadings, *see Cayman Exploration*, 873 F.2d at 1359, we believe the complaint sufficiently apprises the Postal Service that gender-based discrimination and retaliation form the basis of her Title VII allegations. Even though Ms. Corbin's second amended complaint is certainly not a picture of clarity, it is sufficient under our liberal notice pleading

rules to survive a motion to dismiss. *See Porter v. Karavas,* 157 F.2d 984, 985-86 (10th Cir. 1946) ("Indefiniteness of a complaint is not ground for dismissing the action if it states a claim showing that the plaintiff is entitled to relief."). For these reasons, we reverse the district court's dismissal of Ms. Corbin's Title VII claims and remand for further proceedings consistent with this ruling. [1]

2.      Breach of Contract

In support of her breach of contract claim, Ms. Corbin argues that by treating her unfairly and subjecting her to essentially the same discriminatory conduct giving rise to her Title VII claim, the Postal Service violated the rules and regulations contained in the collective bargaining agreement applicable to the postal employees in her unit. The district court dismissed this claim, however, finding Ms. Corbin failed to allege exhaustion of the grievance procedures enumerated under the collective bargaining agreement and, alternatively, finding her contract claims untimely.

On appeal, Ms. Corbin refutes the district court's conclusions, contending

---

[1] We acknowledge Ms. Corbin's abandonment of her constitutional claims previously pled in conjunction with her Title VII claim and therefore affirm the district court's dismissal of those claims.

she is entitled to file an independent breach of contract action without first resorting to union representation to exhaust the grievance procedures outlined under the collective bargaining agreement, because she had no "mechanism or avenue in which to pursue the grievance process." She concludes that as a non-union employee, she is not entitled to union representation in the grievance process, and that because the Postal Service only deals with the National Association of Letter Carriers as the authorized union representative for filing grievances, it would not have recognized her individually. In response to the district court's alternative finding regarding the untimeliness of her contract claims, Ms. Corbin argues her EEO complaints preserved the contract claims, and the continuing nature of the contract violations justifies tolling the statute of limitations for such actions. [2]

Title 39 U.S.C. § 1208(b) governs Ms. Corbin's breach of contract claim. This provision is analogous to § 301 of the National Labor Relations Act, 29 U.S.C. § 185, and the legal principles governing § 301 apply equally to actions

---

[2] Ms. Corbin also raises the doctrine of equitable estoppel in her reply brief, arguing that her supervisor told her to file an EEO complaint instead of a grievance under the procedures outlined in the collective bargaining agreement and that she reasonably relied on the instruction to her detriment. However, we will not consider this issue because Ms. Corbin raises it for the first time in her reply brief. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 n.4 (10th Cir.), *cert. denied*, 513 U.S. 819 (1994).

under 39 U.S.C. § 1208(b). *See National Ass'n of Letter Carriers, AFL-CIO v. United States Postal Serv.*, 590 F.2d 1171, 1174 (D.C. Cir. 1978). Case law interpreting § 301 actions requires that before an employee files an independent action for breach of contract, the union must breach its duty of fair representation under the collective bargaining agreement. *United Parcel Serv. v. Mitchell,* 451 U.S. 56, 61 (1981). In addition, the employee must exhaust the grievance and arbitration process established by the collective bargaining agreement. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563 (1976); *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1471 (10th Cir. 1993), *cert. denied*, 510 U.S. 1072 (1994). Thus, in order for Ms. Corbin to state a claim for breach of contract, the National Association of Letter Carriers must refuse to represent her, and Ms. Corbin must unsuccessfully attempt to exhaust the grievance procedures under the collective bargaining agreement.

With these standards in mind, we consider Ms. Corbin's argument on appeal and examine her second amended complaint to determine if she alleges facts sufficient to establish exhaustion. In her complaint, Ms. Corbin repeatedly alleges that the National Association of Letter Carriers "failed, refused, or neglected" to take any action on her behalf with regard to her numerous claims of contract violations. In addition, she concludes it would have been fruitless to try

to exhaust her remedies through the grievance process established by the collective bargaining agreement because, as a non-union employee without union representation, the Postal Service would not have acknowledged her grievance.

We acknowledge that the Federal Rules of Civil Procedure do not require claimants to set out in intricate detail the facts on which they base their claims, *Conley v. Gibson*, 355 U.S. 41, 47 (1957), but such deference does not extend to completely *conclusory statements* which fail to give adequate notice to the opposing party or the court of the underlying basis of the claim, or sufficiently allege exhaustion of contractual remedies. *See Douglas v. American Info. Tech. Corp.*, 877 F.2d 565, 574 (7th Cir. 1989) (affirming dismissal of contract claim finding unsupported assertion that exhaustion of contractual remedies would have been futile was insufficient to properly raise the issue); *see generally, Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (bald assertions and conclusions will not suffice to state a claim). The pleading rules entitle the Postal Service to some statement of the circumstances, occurrences, and events supporting Ms. Corbin's exhaustion claims. *See Pike v. City of Mission*, 731 F.2d 655, 661 (10th Cir. 1984) (finding "allegation ... inadequate under Fed. R. Civ. P. 8(a)(2) because it [pled] insufficient facts concerning time, place, actors, or conduct to enable defendants to respond.")

Under this standard, we believe the conclusory allegations in Ms. Corbin's complaint are patently insufficient to meet the threshold requirements for stating a breach of contract claim in this instance. Nowhere does Ms. Corbin allege the National Association of Letter Carriers ever actually refused any specific request to file a grievance on her behalf for any of her contract claims. Instead, she glosses over the point and simply concludes without any supporting detail "the union does not provide representation to non-union members." In addition, Ms. Corbin's complaint contains no allegation that she ever unsuccessfully attempted to file a grievance with the Postal Service on her own behalf. Instead, she once again concludes without any support "she ... is not entitled to pursue a grievance on her own," and the Postal Service would have ignored her grievance anyway because it only deals with the union as the authorized agent. These unsupported conclusions are not enough to show exhaustion of her remedies under the collective bargaining agreement and the union's breach of its duty of fair representation. *See Douglas*, 877 F.2d at 574. Thus, we hold the district court appropriately dismissed her breach of contract claim. [3]

---

[3] Having decided on other grounds that the district court properly dismissed Ms. Corbin's claim, we need not reach the issue of the timeliness of her breach of contract claims.

B. Refusal to Allow Amendment to Pleadings

In an argument directly related to her Title VII claim, Ms. Corbin contends the district court erred when it refused to allow her to amend her complaint again in order to "well-plead" her Title VII claims. In light of our decision to reverse the district court and uphold the sufficiency of Ms. Corbin's Title VII allegations, we need not address this argument. Although not specifically stated in her brief on appeal, we are persuaded Ms. Corbin's argument for leave to amend her complaint functioned as an alternative to her initial claim that she sufficiently pled a Title VII cause of action. Thus, our decision to reinstate her Title VII complaint obviates the need to address this alternative position.

C. Summary Judgment on Rehabilitation Act Claim

Finally, we address Ms. Corbin's Rehabilitation Act claims. In her second amended complaint, Ms. Corbin alleges she suffered physical impairment from an on-the-job injury that left her without the use of her left hand and suffering from anxiety and depression. Ms. Corbin claims the Postal Service harassed and disciplined her because of her disability, and refused to suggest or make any reasonable accomodations. In addition, she contends that various acts by the Postal Service, preventing her from receiving workers' compensation benefits for her-on the-job injury under the Federal Employees' Compensation Act, 5 U.S.C.

§ 8101 *et seq* ., are also evidence of disability discrimination. The Postal Service moved for summary judgment on these issues claiming Ms. Corbin failed to file, preserve and exhaust her administrative remedies with regard to her Rehabilitation Act claim. The district court agreed, and awarded summary judgment on the Rehabilitation Act claim in favor of the Postal Service.

We review de novo the district court's order granting summary judgment, [4] employing the same legal principles as the district court and construing the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See Byers v. City of Albuquerque* 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgment is appropriate if the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of material fact is genuine only if a party presents facts sufficient to show that a reasonable jury could find in favor of the nonmovant. *Anderson v.*

---

[4] The district court's order states it treats the Postal Service's motion for summary judgment as a motion to dismiss. However, the court's discussion and reliance on evidentiary materials beyond the second amended complaint persuade us its review and disposition is more properly categorized as summary judgment. *See* Fed. R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.").

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

After reviewing the record, we agree the district court appropriately awarded summary judgment on the Rehabilitation Act claim because Ms. Corbin failed to exhaust her administrative remedies. As a federal Postal Service employee, § 501 of the Rehabilitation Act is the exclusive remedy for Ms. Corbin's claim of disability discrimination. *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1477 (10th Cir.), *cert. denied*, 493 U.S. 811 (1988). Like the requirements for suits under Title VII, the exhaustion of administrative remedies is a jurisdictional prerequisite for instituting a Rehabilitation Act cause of action in federal court. *See Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997); *Johnson v. Orr*, 747 F.2d 1352, 1356-57 (10th Cir.1984) (relying on 29 U.S.C. § 794a(a)(1)). In order to exhaust her administrative remedies and preserve her claim for disability discrimination, Ms. Corbin must file a complaint of disability-based discrimination (EEO complaint) to an EEO counselor within forty-five days of any adverse action against her. 29 C.F.R. § 1614.105(a)(1). The record shows Ms. Corbin raised no allegations pertaining to disability discrimination until she filed her judicial complaint in district court. None of the twelve EEO complaints she cites under the "exhaustion" heading of her judicial complaint contains any allegations of disability-based discrimination. In fact, not

once did Ms. Corbin ever check the box for "handicap" discrimination on the formal EEO complaint form she filed for any of her twelve cited complaints, nor did the text of those complaints contain any allegation of such conduct. Although we realize Ms. Corbin's failure to mark the box for disability discrimination is not dispositive, "it certainly creates a presumption that she was not asserting claims represented by boxes not checked." *Gunnel v. Utah Valley State College*, 152 F.3d 1253, 1260 (10th Cir. 1998). The lack of other evidence from the record tending to rebut this presumption persuades us she did not exhaust administrative remedies with regard to the alleged disability discrimination.

In a final attempt to overcome the administrative deficiencies apparent in her Rehabilitation Act claim, Ms. Corbin submitted evidence of several additional EEO complaints, filed after the commencement of the present lawsuit, that allege discrimination because of disability. We decline to consider these later filed complaints as evidence of exhaustion of administrative remedies for the following reasons. First, Ms. Corbin completely undermines the relevance of these complaints by admitting in a deposition that she based her Rehabilitation Act claim entirely on the twelve EEO complaints cited in her judicial complaint. In addition, we find the continuing violation theory Ms. Corbin argues in support

of including the untimely EEO complaints is inapplicable in this instance. [5] Ms. Corbin cannot show she exhausted administrative remedies through EEO complaints filed after the commencement of this lawsuit.

In sum, the evidence presented convinces us that Ms. Corbin failed to exhaust her administrative remedies. Such procedural deficiencies leave us without jurisdiction to consider Ms. Corbin's Rehabilitation Act claim, and thus

---

[5] Ms. Corbin cites *Woodman*, 132 F.3d at 1341 (stating judicial complaint may encompass any discrimination like or reasonably related to the allegations in the administrative charge), and *Brown v. Harshorne Pub. Sch. Dist*. 864 F.2d 680, 682 (10th Cir. 1988) (stating the court can consider other discriminatory acts arising during the pendency of an EEO complaint even if not formally presented to the agency), to support her position that the district court should have admitted her EEO complaints made after the commencement of this lawsuit to show she exhausted administrative remedies. Ms. Corbin misinterprets the import of our statements in *Woodman* and *Brown*. First, for purposes of claiming exhaustion of administrative remedies, she cannot "piggy-back" her disability discrimination claims onto her Title VII gender and retaliation claims. Disability discrimination and the alleged gender-based discrimination and retaliation involved in this case are not the type of "like or reasonably related" forms of discrimination contemplated in *Woodman*, 132 F.3d at 1341*,* and *Brown,* 864 F.2d at 682. Nor do the later filed EEO complaints alleging disability discrimination show "acts committed pursuant to a pattern of discrimination" already before the court. *Brown*, 864 F.2d at 682  Second, even though the court may consider other acts of discrimination that occur during the pendency of an EEO complaint, *id.*, as a matter of common sense, that does not mean Ms. Corbin may file a lawsuit claiming disability discrimination without exhausting administrative remedies, and then attempt to cure the procedural deficiency by proffering EEO complaints made *after* filing the suit. Such an approach makes absolutely no sense and defeats the purpose of the exhaustion requirement altogether.

we uphold summary judgment in favor of the Postal Service on this issue. [6]

CONCLUSION

For the foregoing reasons, we **AFFIRM** in part, **REVERSE** in part, and **REMAND** for further proceedings consistent with this opinion.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[6] Having resolved the Rehabilitation Act issue on other grounds, we express no opinion as to whether the Federal Employees' Compensation Act precludes an independent Rehabilitation Act claim.

No. 98-6288, *Corbin v. Runyon*

Porfilio, Circuit Judge, dissenting.

I respectfully dissent from the court's conclusion that Ms. Corbin's second amended complaint states a claim for relief under Title VII. To me the averments made in support of that claim are no less conclusory than those the court holds inadequate on her breach of contract claim. In all other respects, I join the decision.